UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN BOJE,

        Plaintiff,

v.                                  Case No. 15-cv-1114-pp

TAMARA REMINGTON,

        Defendant.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT, AND SETTING A DEADLINE OF MONDAY, APRIL 18, 2016, FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT**

      The plaintiff, a state prisoner who is representing himself, filed a complaint alleging that defendant Remington violated his civil rights by recording a tape recording that someone else had made. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed *in forma pauperis* and screens the plaintiff's complaint.

      **I.**    ***IN FORMA PAUPERIS* STATUS**

      The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the

1

initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 4, 2015, the court issued an order finding that the plaintiff lacked the funds to pay an initial partial filing fee, and waiving that fee. Dkt. No. . 7; 28 U.S.C. § 1915(b)(4). The court also gave the plaintiff an opportunity to voluntarily dismiss the case, to avoid incurring a "strike" for filing a frivolous or unfounded lawsuit. Id. The plaintiff has not voluntarily dismissed the comlaint, so the court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

### A. Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts,

2

and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the Court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Facts Alleged in the Proposed Complaint

On October 22, 2012, Nick Lehrke arrived at the Sheboygan Police Department and played a tape recording that he made on a handheld recording device. Dkt. No. 1 at 2. Defendant Tamara Remington, a detective with the

3

Sheboygan Police Department, "tape recorded [the] tape recording" and disclosed its contents to the Sheboygan County District Attorney's Office. Id. at 1, 3.  The complaint provides no further information about the recording. Id. The complaint does not explain, for example, who was recorded, why the individuals were recorded, or how the recording relates to the plaintiff.

The plaintiff alleges that Remington acted outside the scope of her official duties when she "authoriz[ed]…a tape recording made by the consent of one party." Id. at 1.  According to the plaintiff, Remington violated several state wiretapping laws, see Wis. Stats. §§968.28-968.33, as well as one federal criminal law, 18 U.S.C. §2515. Id. at 1-2; Dkt. No. 5 at 2.

For relief, the plaintiff seeks: (1) "money judgment…in the amount of $600.00 a day from the date of violation until the date of settlement;" (2) "actual damages" in the amount of "$100.00 a day for each day of violation or $1,000.00 whichever is less;" (3) punitive damages; and (4) reasonable costs and fees. Dkt. No. 5 at 1-2.

    C.    <u>Legal Analysis of Alleged Facts</u>

It appears that the plaintiff is attempting to bring a state wiretapping claim in federal court. His complaint primarily focuses on a civil cause of action under Wis. Stats. §§968.28-968.33, and asks for the monetary damages available under those statutes. The complaint does not identify any federal causes of action.

Federal courts are courts of limited jurisdiction. <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). They have original

4

jurisdiction where the controversy exists between citizens of different states, or where the controversy implicates a federal question. 28 U.S.C. §§1331-1332(a)(1). Federal courts also may assert supplemental jurisdiction where the plaintiff's state claims are so related to claims within the court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. §1367(a). In order for the plaintiff to pursue in *federal* court his causes of action under Wis. Stats. §§ 968.28-968.33, he must clearly articulate a federal cause of action that derives from a "common nucleus of operative facts" as his state claims. See Groce v. Eli Lilly & Co., 193 F.3d 496 (7th Cir. 1999).

There does exist a *federal* wiretapping law—18 U.S.C. §2520(a)—but the plaintiff does not mention it in his complaint. To bring a cause of action under the *federal* wiretapping law, the plaintiff must allege that his own wire, oral or electronic communications were intercepted, disclosed or intentionally used in violation of the provisions of the law. Id. For a court to be able to determine whether someone violated the federal wiretapping law, it must know (a) who did the recording, (b) whose communications were recorded, (c) whether the individuals knew they were being recorded, (d) whether they consented to being recorded, and (e) whether there was a court order authorizing the recording. The plaintiff also must show that the wiretapping violated some other federal law. See Samuels v. District of Columtia, 770 F.2d 184, 193 (D.C. Cir. 1985). The plaintiff's complaint does not contain any of this information—he alleges that the defendant taped a tape recording, and that the original tape recording was made by "Nick Lehrke," but he does not say what that tape recorded, who

5

it recorded, whether the individual or individuals being recorded knew that they were being recorded or gave their consent, etc.

The court also has considered whether the plaintiff's allegations implicate a possible civil rights claim under 42 U.S.C. §1983. (The court notes that at the top of his hand-written complaint, the plaintiff wrote, "Civil Rights Action." Dkt. No. 1 at 1.) Section 1983 creates a cause of action against a person who violates someone's civil rights while acting under color of law. <u>Buchanan-Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009) (citing <u>Kramer v. Village of North Fond du Lac</u>, 384 F.3d 856, 861 (7th Cir. 2004). The plaintiff's complaint does not allege that the defendant violated any provision of the U.S. Constitution or any federal statute. While the complaint alleges that the defendant "is or may have been employed by the Sheboygan County police department," Dkt. No. 1 at 1, and thus the court can conclude that perhaps the defendant was a state actor, he has made no allegations that she violated any federal statute or any provision of the Constitution.

The plaintiff cannot bring a single state claim, standing alone, in federal court. His complaint does not state a federal claim upon which relief can be granted. Thus, the court will not allow the plaintiff to proceed on the complaint in its current form. The court will give the plaintiff an opportunity to file an amended complaint on or before **April 18, 2016**, clearly identifying his causes of action and the facts that support his allegations. If the court does not receive an amended complaint by that date, the court will dismiss the plaintiff's case without further notice or hearing.

6

Case 2:15-cv-01114-PP   Filed 03/15/16   Page 6 of 8   Document 9

The court also notes that the plaintiff did not use this court's standard *pro se* complaint form. Under Civil Local Rule 9(b), "[p]risoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court." The court is attaching a copy of the complaint form and the information packet for *pro se* prisoners, for the plaintiff's review. The court advises the plaintiff that if he files an amended complaint, the amended complaint must be on the enclosed form, must contain the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will supersede the original complaint, and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted).

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2. The court **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the

7

account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary shall clearly identify the payments by the case name and number.

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The court will send a copy of this order to the warden of New Lisbon Correctional Institution.

Dated in Milwaukee, Wisconsin this 15th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

8

Case 2:15-cv-01114-PP   Filed 03/15/16   Page 8 of 8   Document 9