UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RYAN BOJE,**

               Plaintiff,

v.                                            **Case No. 15-cv-1114-pp**

**TAMARA REMINGTON,**

               Defendant.

---

**DECISION AND ORDER SCREENING AND DISMISSING THE PLAINTIFF'S COMPLAINT**

---

The plaintiff, a state prisoner who is representing himself, filed a complaint alleging that defendant Remington violated his civil rights by recording a tape recording that someone else had made. Dkt. No. 1. On March 15, 2016, the court issued a screening order identifying several deficiencies in the plaintiff's original complaint, and allowing the plaintiff to file an amended complaint with additional facts supporting his claim. Dkt. No. 9. The plaintiff filed his amended complaint on March 28, 2016. Dkt. No. 10. He also filed a second motion to proceed *in forma pauperis* that same date. Dkt. No 11. The order denies as moot the plaintiff's second motion to proceed *in forma pauperis*, and screens and dismisses the plaintiff's amended complaint for failure to state a claim.

      **I.**     ***IN FORMA PAUPERIS* STATUS**

The Prison Litigation Reform Act ("PLRA") applies to this action because the plaintiff filed his complaint while incarcerated. 28 U.S.C. § 1915. The PLRA

1

allows a court to grant an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 15, 2016, the court granted the plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 9. Accordingly, the court denies as moot (unnecessary) his second motion to proceed *in forma pauperis*. Dkt. No. 11.

## II. SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

### A. Standard for Screening Complaints

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or
2

a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The factual allegations must "raise a right to relief above the speculative level, and, when accepted as true, must state a claim that is "plausible on its face." Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the Court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.    Facts Alleged in the Proposed Complaint

Around 11:00 a.m. on October 21, 2012, Nichols Lehrke recorded a conversation between the plaintiff and Lehrke on Lehrke's own hand held recording device. Dkt. No. 10 at 2. In the conversation, the plaintiff admitted that he participated in a burglary in 2011. Id. The plaintiff was not aware that Lehrke recorded him and the plaintiff did not give Lehrke permission to record him. Id. at 2-3.

3

On October 22, 2012, Lehrke brought the recording of the plaintiff to the police headquarters and played it for Detective Tamara Remington. Id. at 3. Lehrke allowed Remington to make her own copy of the tape recording in exchange for leniency in his unrelated criminal case. Id. Remington then forwarded her copy of the tape recording to the Assistant District Attorney Nathan Haberman, and Haberman used the recording to pursue criminal charges against the plaintiff. Id.

In early 2015, the plaintiff "discovered…that there was never any prior application for an order approving Mr. Lehrke's interception of [the plaintiff]…" Id. The plaintiff alleges that Remington consequently violated the Federal Wiretap Act, 18 U.S.C. § 2520(a), state wiretapping laws, Wis. Stats. §§ 968.28-968.33, and his Fourth, Fifth and Fourteenth Amendment rights. Id. at 2-3.

C.  Legal Analysis of Alleged Facts

Under the Federal Wiretap Act, "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a). A plaintiff may maintain a civil cause of action under this law only against the individual who actually participated in intercepting the communication. Council on American-Islamic Relations Action Network, Inc. v. Gaubatz, 891 F.Supp.2d 13, 23-24 (D.C. Cir. 2012). Thus, a plaintiff may not maintain a civil cause of action against an individual who

4

procured another individual to intercept a communication in violation of the law. Id.

As the Fifth Circuit observed, "[s]ection 2520(a)'s plain, unambiguous language authorizes a civil action by one whose covered 'communication is *intercepted, disclosed, or intentionally used in violation of this chapter,*' from 'the person or entity which *engaged* in that violation.'" Peavy v. WFAA-TV, Inc., 221 F.3d 158, 169 (5th Cir. 2000). The court noted that the 1970 version of §2520 allowed a plaintiff to maintain a cause of action against "any person…who intercepts, discloses or uses, *or procures any other person to intercept, disclose, or use such communication.*" Id. at 168. Congress, however, deleted the "or procures any other person" language when it amended the statute in 1986. Id. The Fifth Circuit concluded, therefore, that "that violation" refers only to illegal interception, disclosure, or use, and *not* to procuring interception by another individual. Id. at 169.

The plaintiff alleges that Lehrke, of his own accord, recorded a conversation between the plaintiff and himself and took the recording to the police department. The named defendant, Remington, did not participate in intercepting the conversation, and she appeared to have no knowledge about the recording until after Lehrke created it. Indeed, she asked to make a recording of the recording after Lehrke arrived at the police station and requested leniency in his unrelated criminal case in exchange for allowing her to do so. Remington did not participate in creating the recording, nor did she

5

encourage or procure Lehrke to create the recording. Therefore, the plaintiff cannot maintain a civil cause of action against Remington under §2520(a).

The plaintiff also asserts that Remington violated his Fourth, Fifth, and Fourteenth Amendment rights. Congress intended for §2520(a) to be "as pervasive as the fourth amendment constitutional standards set out in *Berger v. New York*, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967), and *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)." Kinoy v. Mitchell, 331 F. Supp. 379, 382 (S.D.N.Y. 1971). Only if, however, defendants actually have "in fact conducted unauthorized or illegal electronic surveillance in violation of plaintiffs' rights under the fourth amendment" is a plaintiff entitled to relief. Id. Again, Remington took no part in creating the original tape recording. As a result, the plaintiff has failed to state a Fourth Amendment claim against Remington.

Neither has the plaintiff alleged any facts that would implicate his Fifth or Fourteenth Amendment rights; he may not proceed on those claims.

Finally, as discussed in the prior screening order, federal courts are courts of limited jurisdiction. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). They have original jurisdiction where a controversy exists between citizens of different states, or where the controversy implicates a federal question. 28 U.S.C. §§1331-1332(a)(1). Federal courts also may assert supplemental jurisdiction where the plaintiff's state claims are so related to claims within the court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. §1367(a).

6

The plaintiff has failed to state federal causes of action; thus, he may not proceed in federal court with his state causes of action under Wis. Stats. §§ 968.28-968.33.

## III. CONCLUSION

The court **DENIES** as moot the plaintiff's second motion for leave to proceed *in forma pauperis*. Dkt. No. 11.

The court **ORDERS** that this case is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

The court further **ORDERS** the Clerk of Court to document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1).

The court also **ORDERS** the Clerk of Court to document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** the Clerk of Court to enter judgment accordingly.

The court **CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or

excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 16th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

8

Case 2:15-cv-01114-PP   Filed 05/16/16   Page 8 of 8   Document 12